UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES NATHANIEL DOUSE                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:17-CV-473-JHM

LOUISVILLE KY VETERAN ADMIN. REG'L OFFICE
MANAGING DIRECTOR et al.                                                 DEFENDANTS

MEMORANDUM OPINION

Plaintiff, James Nathaniel Douse, filed a *pro se*, *in forma pauperis* complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

I.

According to the complaint and its attachments, Plaintiff is a veteran of the United States Armed Forces who has been adjudged to be entitled to both service-connected compensation and veterans' pension benefits. He disagrees with the calculation of the amount of benefits he is to receive, even after the Board of Veterans' Appeals remanded his case to the Department of Veterans Affairs (VA). Plaintiff names as Defendants the Louisville Kentucky Veteran Administration Regional Office Managing Director; the Veteran Administration Pension Management Center's Managing Director, Milwaukee, Wisconsin; Alice Johnson, Support Service Chief of Pension Management Center, Milwaukee, Wisconsin; and Greg Wilson, Support Service Chief of Pension Management Center, Milwaukee, Wisconsin.

The complaint describes the nature of this action as:

Defendant's failure to adequately compute and is engage in Fraudulent practices with regard to calculating and dispersing Plaintiff's Non-Service Connection Pension Retroactive Pay and Plaintiff's Retroactive Pay for Service Connection

Injuries, which is approximately 29,800.00 in shortages or under payment on Plaintiff's Earn Benefits. Defendant has violated Plaintiff 14th Amendment Constitutional Rights where Due Process and Equal Protection are Protected and guarantee to this Plaintiff under the United States Constitution. Other[] Veterans correct Retroactive Pay which was computed correctly, but not mine. Defendant is also in violation to a previous Order from Board of Veteran Appeals Court where it Remanded my case regarding my pension to the VA Regional Office for payment and processing.

The complaint also alleges that VA employees are engaging in fraudulent acts and that the Pension Management Center has violated the Freedom of Information Act (FOIA) in refusing to show him what methods they use to calculate his retroactive pay. He alleges that Defendants have violated 18 U.S.C. § 242; 42 U.S.C. § 1983; 10 U.S.C. § 1207; and 28 U.S.C. § 2679.

As relief, Plaintiff asks for punitive and compensatory damages, retroactive back-pay, and fees and costs.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l*, 556 F.3d 459, 465 (6th Cir. 2009); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Upon examination of the complaint, it is clear that this Court lacks jurisdiction over this action.

**III.**

This Court has no jurisdiction to review the denial of veterans' benefits. *See* 38 U.S.C. § 511(a). When a veteran seeks to challenge the denial of benefits, he must seek review as proscribed by the Veterans Judicial Review Act (VJRA). All benefits decisions are subject to one appellate review by the Secretary of Veterans Affairs. 38 U.S.C. § 7104. After the Secretary's final decision, the veteran may appeal to the Board of Veterans' Appeals. *Id*. The Court of Appeals for Veterans Claims has exclusive jurisdiction to review the decisions of the Board of Veterans' Claims. 38 U.S.C. § 7252. Under limited circumstances, the United States Court of Appeals for the Federal Circuit has jurisdiction to review the decision of the Court of Appeals for Veterans Claims. 38 U.S.C. § 7292. Therefore, because the VJRA does not provide for review by a district court, this Court is without jurisdiction to review the denial of Plaintiff's benefits. *See Cotrich v. Nicholson*, No. 606CV1772ORL19JGG, 2006 WL 3842112, at *2 (M.D. Fla. Dec. 19, 2006).

Plaintiff cannot side-step the statutory review process for veterans' benefits by claiming civil-rights or other statutory bases for his claim. The VJRA "includes all claims, whatever their bases, as long as the claim is 'necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369 (8th Cir. 1992) (citation omitted); *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992) (holding that the VJRA "amply evinces Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in this exclusive appellate review scheme" (internal quotation marks and citations omitted)). Nor does the Court have subject-matter jurisdiction to review Plaintiff's claim that Defendants have engaged in fraudulent practices in calculation and dispersing his benefits. Such claims of fraud are outside

this Court's jurisdiction when "[t]hey are, in substance, nothing more than a challenge to the underlying benefits decision." *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996). Accordingly, Plaintiff does not have separate claims under 42 U.S.C. § 1983 or the other statutes that Plaintiff cites that this Court may review. These claims are "subsumed into his benefits claim that can only be addressed by the exclusive veterans' benefits review scheme." *See Braggs v. Dep't of Veterans Affairs*, No. CIV. A. 09-0756-KD-M, 2010 WL 551325, at *4 (S.D. Ala. Feb. 10, 2010).

Plaintiff also alleges that the Pension Management Center has consistently violated FOIA and has "adamant refuse to give me or show me what methods they use to calculate[] my Retroactive Pension pay and how my Service Connection Retroactive pay is calculated. They have miscalculated and Still owe me in Excess of $29,800." The Court finds that this attempt to style his claim related to his benefits determination as one under FOIA also fails to confer jurisdiction on this Court. *See Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) ("[N]either the Privacy Act nor the FOIA may be used as a rhetorical cover to attack VA benefits determinations.").

Nor does the fact that Plaintiff alleges that he bases his complaint on diversity of citizenship provide jurisdiction over this case. *Karmatzis v. Hamilton*, 553 F. App'x 617, 618-19 (7th Cir. 2014) ("The circuits unanimously agree that the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions.") (collecting cases); *Hutton v. U.S. Dep't of Veterans Affairs*, No. 5:13-CV-417-FL, 2014 WL 2112673, at *2 (E.D.N.C. Apr. 4, 2014), *report and recommendation adopted*, No. 5:13-CV-417-FL, 2014 WL 2112668 (E.D.N.C. May 20, 2014) (finding no jurisdiction where veteran alleged diversity of citizenship as the jurisdictional basis for challenging his VA benefits since district courts have no

jurisdiction to review a VA benefits decision because the VJRA "provides the exclusive process by which veterans may adjudicate claims relating to veterans' benefits").

In short, Plaintiff's allegations demonstrate that he is challenging the VA's denial of benefits. Jurisdiction is precluded by 38 U.S.C. § 511(a) and, as such, this action must be dismissed for lack of subject-matter jurisdiction. *See Vickson v. U.S. Dep't of Veterans Affairs*, No. 8:11-CV-2499-T-33TGW, 2012 WL 1606012, at *1 (M.D. Fla. May 8, 2012) ("Claims concerning veterans' benefits are governed by 38 U.S.C. § 511, a statute curtailing this Court's review of VA benefits determinations.").

Plaintiff's complaint also cites to 18 U.S.C. § 242. Section 242 is a criminal statute that does not support a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579 (6th Cir. 2003). As a private citizen, Plaintiff lacks "a judicially cognizable interest in the prosecution or nonprosecution" of Defendants under this statute. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, this statute does not confer jurisdiction on this Court. *See Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008) (affirming district court's dismissal of a civil action under 18 U.S.C. §§ 241 and 242); *Teague v. Commonwealth of Ky.*, No. 3:05CV-P-448S, 2005 WL 3099000, at *4 (W.D. Ky. Nov. 17, 2005) ("[Section 242 does not] confer[] subject matter jurisdiction on this court.").

Section 1207 of Title 10 of the U.S. Code, also cited by Plaintiff,[1] has no application here. That statute provides:

> Each member of the armed forces who incurs a physical disability that, in the determination of the Secretary concerned, makes him unfit to perform the duties of his office, grade, rank, or rating, and that resulted from his intentional misconduct or willful neglect or was incurred during a period of unauthorized absence, shall be separated from his armed force without entitlement to any benefits under this chapter.

---

[1] The complaint asserts merely: "Violation of 10 U.S. Code § 1207 – Disability from intentional misconduct or willful neglect."

5

10 U.S.C. § 1207. Thus, this statute addresses intentional misconduct on the part of the veteran, not the VA.

To the extent that Plaintiff is attempting to allege a claim for intentional infliction of emotional distress, that claim also fails. A plaintiff seeking money damages for intentional torts by federal officials may ordinarily resort to the Federal Tort Claims Act, which provides a cause of action in district court for the "wrongful act[s] or omission[s] of any employee of the [federal] Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). However, in this case, Plaintiff's claims are again barred by the VJRA; Plaintiff's intentional-tort claim relates solely to the denial of benefits, and thus, this Court is divested of jurisdiction. *See Thomas v. Principi*, 394 F.3d 970, 974-75 (D.C. Cir. 2005) (holding tort claims for emotional distress arising from a denial of benefits not allowed); *Williams v. United States*, 932 F. Supp. 357, 362 (D.D.C. 1996); *Hicks v. Small*, 842 F. Supp. 407, 413 (D. Nev. 1993).

## IV.

For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date: September 27, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.009